UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY JACKSON ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:16-1091 |
| ] | Chief Judge Sharp |
| MONTGOMERY COUNTY, TENNESSEE ] | |
| JAIL, et al. ] | |
|     Defendants. ] | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Jail; ABL Food Service; the Tennessee Department of Correction (TDOC); and John Fuson, Sheriff of Montgomery County; seeking damages.

The plaintiff is a state prisoner being housed at the Montgomery County Jail. He complains about conditions of his confinement there. More specifically, the plaintiff claims that food is served cold rather than hot, that counselors familiar with TDOC policy are not available for state prisoners, and that deputies don't enforce the rules of the Jail and "Black inmates can sagg there pants anytime they wish to."

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

1

The plaintiff states a viable claim for relief if he can show that the food provided him does not meet the nutritional and caloric requirements for an adult to maintain his health. *See* Cunningham v. Jones, 567 F.2d 653, 656 (6th Cir.1977). In this case, though, the plaintiff alleges simply that his meals are served to him cold rather than hot. He does not suggest that his health has suffered as a result of how his meals have been served to him. Thus, this claim is not actionable. *See* McCoy v. Goord, 255 F. Supp.2d 233 (S.D. N.Y. 2003)(denial of warm food is not, by itself, an Eighth Amendment violation).

A prisoner has no federally protected right to participate in a rehabilitative program. Hutto v. Finney, 437 U.S. 678 (1978). As a consequence, it necessarily follows that he also has no right to counselors who can aid in his rehabilitation. Finally, the fact that plaintiff's jailors may or may not enforce the rules of the Jail does not, in and of itself, constitute a violation of his rights.

In the absence of a constitutional violation, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Kevin H. Sharp
Chief District Judge